JiBROWN, Judge.
Charles F. Bradley was arrested in Oua-chita Parish and charged with possession of cocaine on May 21,1998. The following day, National American Insurance Company (“National”) issued a $5,000 bond to secure Bradley’s release. Bradley later pled not guilty and was ordered to return to court on August 19, 1993. When he failed to appear, a bench warrant was issued for his arrest and a judgment of bond forfeiture was signed on August 30, 1993. Notice of the forfeiture was mailed to National on September 24, 1993.
On March 24,1994, National filed a motion to set aside the bond forfeiture. National alleged that no warrant had ever been issued for Bradley’s arrest and that the notice of judgment was misleading because it failed to correctly explain the appeal options available to the surety. In February 1996, the state filed a motion to dismiss National’s motion. After a hearing conducted on April 2, 1996, the trial court denied National’s motion and ordered it to pay the judgment within ten days or be enjoined from issuing bail bonds in the Fourth Judicial District. National now appeals assigning three errors. We affirm. ■
DISCUSSION
National first argues that the trial court erroneously denied it an opportunity to present testimony. During the hearing, counsel for National clarified its argument related to the absence of a warrant. A bench warrant was indeed issued. When a bondsman attempted to use the warrant to have Bradley returned from a Beauregard Parish jail, he was informed that the Ouachita Parish District Attorney’s Office had indicated that it was not interested in retrieving defendant from a foreign parish. The trial judge asked National’s counsel if he had anything other than “rank hearsay” to support this contention. Counsel indicated that the bondsman was present. The judge noted that the bondsman might only repeat 12what the deputy had told him. National’s counsel made no further attempt to offer evidence.
The hearing transcript shows that the trial court never refused to allow testimony. Despite its allegation that it was prepared to present testimony, National never attempted to call any witnesses at the hearing. The trial court’s apparent concern as to the possible hearsay nature of the testimony cannot be equated to a refusal to allow testimony. Even if we assume arguendo that the trial court’s statements equaled improper exclusion of evidence, the law is clear that any error arising from a trial court’s alleged improper exclusion of evidence is not preserved for review where the party that would offer the evidence has failed to make an offer of proof. See La. C.C.P. art. 1636; Williams v. Exxon Corporation, 541 So.2d 910 (La.App. 1st Cir.1989). National’s first assignment of error is meritless.
In its second assignment, National argues that the bench warrant was issued “in name only” and its inherent defects prevented it from securing the arrest of defendant. A copy of the warrant is contained in the appellate record and appears to be proper in every respect. The matters of which National would complain are outside of the record and cannot £e considered here.
Finally, National argues that it was prejudiced by what it characterizes as a deliberately misleading notice of the bond forfeiture judgment. National focuses on one sentence of the notice which stated:
You have sixty (60) days in which to appeal this judgment of bond forfeiture, from the date of this notice.
National asserts that at the time the notice was issued, the provisions of La.R.S. 15:85(6) contained a suspensive appeal period of 60 days and a devolutive appeal period of 120 days. Furthermore, National points out that under the provisions of La.R.S. 15:85(9), nullity actions are available in bond forfeiture matters._j3pharacterizing the notice herein as “misleading at best and dishonest at worst,” and as “a prohibited attempt of the clerk of court to give legal advice to a foreign *626 insurer,” National asserts that the notice “deliberately” excluded actions that might be meritorious for the surety and advised of only one of several options.
The statutory history of La.R.S. 15:85, with respect to appeals from bond forfeiture judgments, shows that the language of that statute was amended effective June 22,1993, just prior to the notice issued in the case at bar. Prior to amendment, the statute provided a 60-day period from mailing of proper notice as an appeal delay, and stated that failure to assert a defense to forfeiture and collection of a bond within the 60-day period waived any such defense as set forth in the statute. Thus, but for the amendment of the statute, the notice sent herein would have been exactly in accordance with the statutory appeal provisions.
The 1993 amendments to La.R.S. 15:85 changed pertinent appeal provisions to read as follows:
(a) The defendant and his sureties shall have the right to an appeal that suspends the effect or the execution of the judgment of bond forfeiture. This suspensive appeal shall be filed within sixty days from the filing of the notice of the signing of the judgment of bond forfeiture. The security to be furnished for this suspensive appeal shall be equal to the bail obligation.
(b) The defendant and his surety shall have the right to a devolutive appeal of the judgment of bond forfeiture. This devolu-tive appeal shall be filed within one hundred and twenty days from the mailing of the notice of the signing of the bond forfeiture.
La.R.S. 15:85(6).
Although the notice of judgment sent herein only advised of the shorter appeal delay, there is no reason whatsoever to believe that this was an intentional attempt to mislead the surety. Instead, the most likely explanation for the language of the notice is that the notice form had not been reformed to reflect the recent legislative change.
| ^Moreover, we detect no prejudice to National as a result of the language of the notice. This is not a case in which the notice erroneously stated a longer appellate delay period than actually was available, and the surety relied upon the longer period to its detriment. Instead, the notice correctly gave the shorter delay period in which to take a suspensive appeal. National has not alleged, either in the trial court or on appeal, that it relied upon this information to its detriment or that it would have filed a timely appeal but for the information contained in the notice. Because the law does not require the notice to provide any information to the surety regarding appeals or other options, and because we find no prejudice resulted to appellant from the notice herein, we find no merit in National’s third assignment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.